**TRUNKLINE LNG COMPANY, Appellant,**

v.

**TRANE THERMAL COMPANY and the Trane Company, Appellees.**

No. A14–86–421–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 26, 1986.

Rehearing Denied Jan. 18, 1987.

---

1. Rule 74 after September 1, 1986.

Richard Frankel, Jacks C. Nickens, Houston, for appellant.

Raymond A. Krell, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

### J. CURTISS BROWN, Chief Justice.

Trunkline LNG Company, the appellant (Trunkline), sought damages from Trane Thermal Company and the Trane Company (Trane) for breach of contract. The trial court held that Trunkline's claim was barred by the statute of limitations. We believe that Trane has failed to meet its burden in proving its defense as a matter of law and therefore reverse the judgment of the trial court.

Trane presented no proof that Trunkline's claim was barred by the statute of limitations. Trane instead moved for summary judgment on the basis of Trunkline's petition. In the petition Trunkline alleged that in 1978 Trane and Trunkline entered into a contract whereby Trane would fabricate seven vaporizers in accordance with a performance schedule. A vaporizer is a heat exchange appliance that converts liquified gas into gas by significantly raising its temperature. In June, 1979 Trunkline rejected certain tube bundles. Trunkline further alleged that Trane was obligated to repair or replace the tube bundles and the failure resulted in a breach of contract. Trunkline presented summary judgment evidence to the effect that on September 13, 1979 Trane refused to manufacture the tube bundles in accordance with Trunkline's wishes unless Trunkline paid an additional $383,500. On October 15, 1979 Trunkline tendered the amount. Trunkline instituted suit on August 31, 1983.

■ Trane as the movant for summary judgment must conclusively establish that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979); Tex.R.Civ.P. 166–A. Once Trane has established its claim or defense, Trunkline must present any reason seeking to avoid Trane's entitlement. *See id.* at 678; *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex. 1982). We note initially that pleadings do not generally constitute summary judgment evidence. *See Clear Creek,* 589 S.W.2d at 678. Furthermore, summary judgment is not the proper vehicle to test the adequacy of the other parties pleadings. The proper procedure is by special exceptions. *See Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). Pleadings, however, may constitute a judicial admission thus enabling a party to plead himself out of court. *See Daves v. State Bar of Texas,* 691 S.W.2d 784 (Tex. Civ.App.—Amarillo 1985, writ ref'd n.r.e.), *cert. dismissed,* —— U.S. ——, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986); *United States Fidelity & Guar. Co. v. Carr,* 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). We believe that if a party moves for summary judgment solely on the basis of the other party's pleadings he must accept all facts and inferences in the pleadings as true in the light most favorable to the party moved against. Also, the defects in the non-movant's case must appear to be incurable by any amendment of the pleadings.

■ Due to the fact that vaporizers are movable, they constitute goods. *See* Tex. Bus. & Com.Code Ann. § 2.105 (Vernon 1968). Tex.Bus. & Com.Code.Ann. § 2.725 (Vernon 1968) requires any action for breach of contract to be commenced within four years after the cause of action has accrued. Section 2.725(b) states: "[a] cause of action accrues when the breach occurs, regardless of the aggrieved parties lack of knowledge of the breach." The issue to be determined is when the contract was breached.

■ Contrary to Trane's contentions the petition does not conclusively show that the contract was breached in June, 1979. First, the contract was for the sale of vaporizers. Trunkline alleged in its petition that it rejected tube bundles. Trane failed to make a showing of why the rejection of tube bundles resulted in a breach of the vaporizer contract. If the tube bundles were merely a component of the vaporizer, the rejection would not necessarily constitute the rejection of the vaporizer contract.

In addition, Trunkline appeared to allege facts that would indicate that the contract was an installment contract. Trunkline alleged that seven vaporizers would be delivered in accordance with a performance schedule. Tex.Bus. & Com. Code Ann. § 2.612 (Vernon 1968) states that an installment contract is a contract which requires "the delivery of goods in separate lots to be separately accepted." Section 2.612 specifies when a breach of an installment contract occurs. The buyer is allowed to reject any "installment which is non-conforming if the non-conformity substantially impairs the value of that installment and cannot be cured." The buyer, however, has no right to reject the contract unless "the non-conformity or default with respect to one or more installments substantially impairs the value of the whole contract." No breach of an installment contract occurs until the value of the entire contract is substantially impaired. Comment 6 to § 2.612 discloses that the contract is not substantially impaired if only the buyer's security as to the adequacy of the future performance of the seller is infringed. "Whether the non-conformity in any given installment justifies cancellation as to the future depends, not on whether such non-conformity indicates an intent or likelihood that the future deliveries will also be defective, but whether the non-conformity substantially impairs the value of the whole contract." The fact that Trunkline rejected an installment does not conclusively establish as a matter of law that the contract was breached. Section 2.612's presumption in favor of the continuance of installment contracts in fact indicates the contrary.

Finally the statute of limitations may have been extended by Trane's obligation to repair or replace defective vaporizers even if the contract was substantially impaired in June 1979. Trane would have a reasonable time to repair or replace any defect. Trunkline may have been entitled to wait a reasonable time for Trane to perform its obligations. The statute of limitations would not run until after four years and a reasonable time to repair or

replace had expired. *See* Tex.Bus. & Com. Code Ann. § 2.725(c) (Vernon 1968) (a cause of action does not accrue until the breach should have been discovered when a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance). Trane, therefore, failed to meet its burden in proving its defense as a matter of law.

For the reasons set forth we reverse and remand.