Harold L. FOREMAN, Appellant,

v.

PETTIT UNLIMITED, INC., Appellee.

No. 01–93–00109–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 8, 1994.

Concurring Opinion by Justice Mirabal filed Sept. 19, 1994.

William David Farmer, Thomas W. Stack, San Antonio, for appellant.

Douglas W. Alexander, Richard F. Hightower, Melissa K. Ferrell, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a summary judgment which the trial court granted on the basis that the statute of limitations barred the appellant's cause of action. We affirm.

On July 13, 1989, a fire occurred in the home of Harold L. Foreman, appellant, destroying it and its contents. The fire began in a circuit breaker box in the appellant's garage. On February 8, 1988, more than a year before the fire, Pettit Unlimited, Inc. (Pettit), appellee, serviced the same breaker box. Appellant filed suit against the appellee on May 21, 1992, more than two years after the fire.

■ In points of error one through six, Foreman claims the trial court erred in granting Pettit's motion for summary judgment based on limitations because appellee did not meet its summary judgment burden. When reviewing the granting of a motion for summary judgment, we will consider all evidence favorable to the non-movant, Foreman, as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). We will indulge every favorable inference in favor of the non-movant, and every reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988). In a motion for summary judgment, the movant, Pettit, must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60.

■ In its motion for summary judgment, Pettit asserted that Foreman's claims were barred by the statute of limitations. When a defendant moves for summary judgment on the basis of limitations, it assumes the burden of showing as a matter of law

that the suit was barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); *Rose v. Baker & Botts,* 816 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Further, a defendant seeking a summary judgment on the basis of limitations must prove when the cause of action accrued, and if applicable, must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of his injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

■ Foreman contends that the trial court erred in granting Pettit's motion for summary judgment because genuine issues of material fact exist about when Foreman discovered or should have discovered his injury. The pertinent dates are not disputed. Pettit performed electrical services at Foreman's home on February 8, 1988. The fire occurred on July 13, 1989. If Foreman's DTPA cause of action accrued on that date, the two-year statute of limitations expired on July 13, 1991. Foreman brought suit against Pettit on May 21, 1992, more than 10 months after the limitations had run. Thus, the issue is when did Foreman's DTPA cause of action accrue. A cause of action under the Deceptive Trade Practices Act (DTPA) has a two-year statute of limitations.

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987).

■ The general rule is that a cause of action accrues when a wrongful act effects an injury, regardless of when the plaintiff learns of such injuries. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). In other words, limitations begin to run when the fact of injury is known. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). In this case, it is obvious that on the date of the fire,

Foreman knew of the injury to his home and its contents. Foreman did not know the identity of the responsible party.

■ Foreman claims that it is this lack of knowledge of the responsible party which delays the beginning of the limitations period until he discovered Pettit's involvement with the cause of the fire. This is not how the discovery rule operates. When the discovery rule is applied, it tolls the running of the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, *the nature of his injury. Id.; Bowe v. GMC/Pontiac Div.*, 830 S.W.2d 775, 778 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (emphasis added).

In *Otis v. Scientific Atlantic, Inc.*, the court held that strikingly similar facts did not avail themselves to the discovery rule:

> Plaintiffs' argument, and pleading in their response, is that they did not know the *identity* of the party responsible for the cause of their injury. Plaintiffs do not assert that they did not know of the injury and they do not assert that they did not know of, or could not have discovered with the exercise of reasonable diligence, the *cause* of their injury. Plaintiffs knew on the date of the fire that they had been injured. Since plaintiffs discovered their injury on the date of the fire, limitations began to run on that date.

*Otis v. Scientific Atlantic, Inc.*, 612 S.W.2d 665, 666 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ The discovery rule has been limited to matters properly characterized as inherently undiscoverable. *Rose v. Baker & Botts*, 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Recent cases have consistently held conceptually the discovery rules applies to those cases wherein the injured party did not know and could not know of the injury on the day it occurred. *Bayou Bend Towers Council of Co–Owners v. Manhatten Constr. Co.*, 866 S.W.2d 740 (Tex.App.—Houston [14th Dist.] 1993, writ requested) (condominium owners barred because the injury, major leaks, was discovered more than two years prior to suit); *Dallas*

*Market Center Hotel Co. v. Beran & Shelmire*, 865 S.W.2d 145 (Tex.App.—Corpus Christi, 1993, writ denied) (fact issue existed on when injury was discovered when there were previous minor leakage problems, but the injury was defective exterior structural masonry). *See also Allen v. Roddis Lumber and Veneer Co.*, 796 S.W.2d 758, 761 (Tex. App.—Corpus Christi 1990, writ denied) (plaintiffs' health problems were the result of exposure to formaldehyde which was not readily determinable); *Precision Sheet Metal Mfg. C. v. Yates*, 794 S.W.2d 545, 549 (Tex. App.—Dallas 1990, writ denied) (purchaser of a tract of land had no way of knowing it had been injured by a failure to replace the tract until it sought a building permit). Foreman's injury was not inherently undiscoverable. On the contrary, the nature of Foreman's injury, the fire damage to his home and its contents, was readily discoverable and immediately obvious on the date of the fire.

■ Simply stated, limitations begin to run when the fact of injury is known, not when the alleged wrongdoers are identified. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 344 n. 3 (Tex.1992). Here, Foreman knew of the injury to his home on July 13, 1989, and that is the date when the limitations period began.

We overrule Foreman's fourth, fifth, and sixth points of error.

■ In his seventh point of error, Foreman contends that the trial court erred in granting Pettit's motion for summary judgment as to his non-DTPA breach of warranty claim. A warranty claim for repairs to existing tangible goods is *only* applicable under the DTPA. *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex.1987). A consumer of services, which Foreman is with respect to the electrical services Pettit provided, does "not have the protection of a statutory or common-law implied warranty scheme." *Id.* at 353.

Since the DTPA is the only way of pursuing an implied warranty claim for repairs to existing tangible goods, such a claim must necessarily be brought within the two-year DTPA limitations period. For reasons al-

ready stated, the statute of limitations expired on July 13, 1991, two years after the fire. Foreman's claim for breach of an implied warranty was not brought against Pettit until after the limitations period had run, two years and 10 months after the fire. As a result, this claim is barred.

We overrule Foreman's seventh point of error.

In Foreman's eighth and ninth points of error, he claims the trial court erred in granting Pettit's motion for summary judgment as to his breach of contract cause of action because he should have been given an opportunity to amend his pleadings to include a third-party beneficiary theory. Foreman pled a breach of contract cause of action against Pettit. Pettit disputed this assertion by establishing that Foreman could not recover on that cause of action because he was not a party to any contract with Pettit. Once Pettit met its burden on summary judgment in regards the contract claim, the burden shifted to Foreman to raise a fact issue with summary judgment evidence. *Interstate Fire Insurance Company v. First Tape, Inc.*, 817 S.W.2d 142, 144–45 (Tex. App.—Houston [1 Dist.] 1991). Foreman asserted that he was the third-party beneficiary of a contract between Pettit and Foreman's homeowner warranty company, but responded without any summary judgment evidence to support that conclusory statement.

This is not a case where Foreman's pleadings failed to state a cause of action. If it were, then Pettit would have been required to file special exceptions and after they were sustained, Foreman would have been given an opportunity to amend his pleadings. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974); *Trunkline LNG Co. v. Trane Thermal Co.*, 722 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In contrast, Foreman's pleadings were not defective and asserted a valid cause of action. That breach of contract action asserted was defeated by summary judgment evidence.

We overrule Foreman's eighth and ninth points of error.

We affirm the trial court's judgment.

MIRABAL, Justice, concurring.

I write this concurring opinion to clarify a few matters I consider to be material.[1]

In his petition, appellant Foreman set forth the following factual allegations:

On or about July 13, 1989, the Plaintiff's home, its contents and Plaintiff's yard were consumed and destroyed or damaged by a fire which started in a circuit breaker box, manufactured by General Electric Company and located in Plaintiff's garage. Plaintiff was in the front yard of his home on July 13, 1989, cutting the lawn. He entered his home to wash his hands and noted the lights were dim. After washing his hands Plaintiff noticed the lights in his home were beginning to blink and flicker. Plaintiff went upstairs to turn off the air conditioner and when he returned downstairs he heard a crackling noise. Upon investigating, he discovered the noise was coming from the garage. He opened the door leading from the house to the garage and noticed sparks coming from the circuit breaker panel. Plaintiff immediately opened the roll-up garage door, at which time he noticed flames coming from behind the circuit breaker panel.

This is not a case involving an absent property owner who returns home to find his house burned down, with no clue about where or how the fire started. It is uncontroverted that Foreman was at home and knew from the beginning that the fire started in the circuit breaker panel.

I agree that the limitations period for Foreman's causes of action against Pettit, who had serviced the circuit breaker panel, began to run on July 13, 1989, the date of the fire.

---

1. The majority opinion in this case issued on

September 8, 1994.