John E. MARTZ and B.B.
DeNise, Appellants,

v.

WEYERHAEUSER COMPANY, Appellee.

John E. MARTZ and B.B.
DeNise, Appellants,

v.

GEORGIA–PACIFIC CORPORATION,
Appellee.

Nos. 11–96–219–CV, 11–96–251–CV.

Court of Appeals of Texas,
Eastland.

Feb. 26, 1998.

Eddie M. Krenek, Law Office of Eddie M. Drenek, Katy, for Appellants.

John Wallace, Jim Barker, Giessel, Barker – Giessel, Barker & Lyman, Houston, for Appellee in No. 11–96–219–CV.

Randall W. Wilson, Susman & Godfrey, Houston, for Appellee in No.11–96–251–CV.

Joe Edgar Luce, Hudgins, Hudgins & Warrick, Houston, Daniel Lay Bates, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, Jim Barker – Giessel Barker & Lyman, Houston, for other parties in interest.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

The trial court granted summary judgment in favor of Weyerhaeuser Company and Georgia–Pacific Corporation, appellees, suppliers of component parts for mobile homes. We affirm.

Appellant Martz purchased a mobile home on September 23, 1992, from Oakwood Mobile Homes, Inc. (Oakwood). The mobile home had been manufactured by Oak Creek Homes, Inc. (Oak Creek). After appellants began living in the mobile home, they began to experience health problems. Appellants maintain that their health problems were caused by formaldehyde which had been used in connection with the construction of their mobile home.

Appellants originally filed suit on May 10, 1995. Appellees were not named as parties in the original petition. Later, appellants discovered that Weyerhaeuser and Georgia–Pacific were manufacturers of component parts of the mobile home. Appellants amended the suit, and appellees were added as defendants.[1] The amended petition was filed on November 17, 1995. Appellees answered by general denial, and they also answered that appellants' lawsuit was barred as to them by the two-year statute of limitations. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 1998).

---

1. The suit involved other defendants, but all claims except those against Weyerhaeuser and

Georgia–Pacific have been severed and are not a part of this appeal.

Appellees also filed separate motions for summary judgment. Their sole ground for summary judgment was that appellants' suit against them was for personal injuries which was barred by the two-year statute of limitations. The trial court granted the motions for summary judgment as to all of appellants' claims against appellees.

In their first point of error, appellants maintain that the trial court erred "because appellee[s] [have] not proven [their] entitlement to summary judgment as a matter of law, where fact issues remain." In their second point of error, appellants' claim that, under the discovery rule, the statute of limitations was tolled and that their suit against appellees was timely filed.

■ In this summary judgment review, we will be guided by the familiar standards set forth in *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex. 1985). Further, when a defendant moves for summary judgment based upon a defense of limitations, it assumes the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428 (Tex.1983); *Foreman v. Pettit Unlimited, Inc.,* 886 S.W.2d 409, 411 (Tex.App.— Houston [1st Dist.] 1994, no writ). If raised by the plaintiff, a defendant must also negate the applicability of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the date when the plaintiff discovered or should have discovered his injury. *Burns v. Thomas,* 786 S.W.2d 266 (Tex.1990); *Foreman v. Pettit Unlimited, Inc.,* supra.

In their first amended original petitions, appellants set forth that they are seeking to recover under 11 "causes of action." They seek recovery under the theories of (1) strict liability; (2) negligence and gross negligence; (3) civil conspiracy; (4) common-law fraud; (5) Deceptive Trade Practices Act, TEX. BUS. & COM. CODE ANN. § 17.01 et seq. (Vernon 1987 and Supp.1998); (6) intentional infliction of emotional distress; (7) negligent misrepresentation; (8) constructive fraud; (9) trespass to realty; (10) res ipsa loquitur; and (11) misrepresentation under RESTATEMENT (SECOND) OF TORTS § 402B (1965).

■ Section 16.003(a) provides that "a person must bring suit for … personal injury … not later than two years after the day the cause of action accrues." Appellants' causes of action for strict liability and misrepresentation are subject to the two-year statute of limitations under the RESTATEMENT (SECOND) OF TORTS §§ 402A and 402B (1965) because those claims are for personal injuries. See, e.g., *Cleveland v. Square–D Company,* 613 S.W.2d 790 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ); *Coody v. A.H. Robins Company, Inc.,* 696 S.W.2d 154 (Tex.App.—San Antonio 1985, writ dism'd by agr.); *Roman v. A.H. Robins Company, Inc.,* 518 F.2d 970 (5th Cir.1975). Pursuant to *Willis v. Maverick,* 760 S.W.2d 642 (Tex.1988); *Milestone Properties, Inc. v. Federated Metals Corporation,* 867 S.W.2d 113, 118 (Tex.App.—Austin 1993, no writ); and *American Centennial Insurance Company v. Canal Insurance Company,* 810 S.W.2d 246, 255 (Tex.App.—Houston [1st Dist.] 1991), *aff'd in part, rev'd in part on other grounds,* 843 S.W.2d 480 (Tex.1992), the claims for negligence and gross negligence and for negligent misrepresentation are also subject to the two-year statute of limitations. . Likewise, the two-year limitation period applies to appellants' claims of civil conspiracy under *Cathey v. First City Bank of Aransas Pass,* 758 S.W.2d 818, 822 (Tex.App.—Corpus Christi 1988, writ den'd); claims of violations of the Deceptive Trade Practices Act pursuant to TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 1987) and *Milestone Properties, Inc. v. Federated Metals Corporation,* supra; claims of intentional infliction of emotional distress under *Bhalli v. Methodist Hospital,* 896 S.W.2d 207 (Tex.App.—Houston [1st Dist.] 1995, writ den'd); and claims of trespass to realty pursuant to *Fields v. City of Texas City,* 864 S.W.2d 66 (Tex.App.—Houston [14th Dist.] 1993, writ den'd). Therefore, the two-year statute of limitations applies to appellants' claims.

Appellants did not sue appellees until November 17, 1995. The question before us for resolution is whether appellants' causes of action accrued more than two years prior to the date appellees were sued.

As a general rule, under Section 16.003(a), a cause of action accrues when a wrongful act effects an injury, regardless of when the plaintiff learned of such injury. The discovery rule is an exception to the general rule. The discovery rule is a legal principle used to determine when a cause of action accrues in cases in which a claimant was unable to know of an injury at the time it occurred. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977). It has been said that the rule operates to toll the statute of limitations until the plaintiff discovers or by exercising reasonable care and diligence should have discovered the nature of the injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex. 1990). We believe that an accurate description of the mechanics of the discovery rule is that, where claims are inherently undiscoverable and are objectively verifiable, the accrual of a cause of action is deferred until the time when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and the resulting injury. See *S.V. v. R.V.*, 933 S.W.2d 1 (Tex. 1996). It is important to note that the inquiry is directed toward the time when one discovers or should have discovered the *nature* of the injury, not the time when one discovers the parties allegedly at fault. *Russell v. Ingersoll–Rand Company*, 841 S.W.2d 343, 344 n. 3 (Tex.1992).

The doctrine of fraudulent concealment is another rule which will operate to defer the accrual of a cause of action in a proper case. Fraudulent concealment is based upon principles of equitable estoppel. The Supreme Court has defined the doctrine:

> Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.

*Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983).

Even if we were to agree that appellants have properly invoked this doctrine, it does not preserve appellants' claims from the effects of the two-year statute of limitations. In Paragraph No. 22 of their first amended original petition, appellants state that "[i]n May, 1993, plaintiffs learned that, in reasonable medical probability, the family's health problems are directly attributable to living in the formaldehyde-contaminated atmosphere of the Oak Creek mobile home." While pleadings do not constitute summary judgment evidence, a party may plead itself out of court by pleading facts which show that the claim is barred by limitations. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974); *Matlock v. McCormick*, 948 S.W.2d 308 (Tex. App.—San Antonio 1997, no writ). According to their own pleadings, appellants actually knew about their cause of action in May 1993. That is when their cause of action accrued. Suit was not filed against appellees until November 1995. The accrual of a cause of action is not deferred pending a search for defendants. *Matlock v. McCormick*, supra at 311.

Appellants maintain that they also have alleged claims for common-law fraud and constructive fraud. Appellants cite *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990), wherein the Supreme Court stated that "all fraud actions ... have a four-year limitation period, regardless of the remedy sought." If appellants' claims truly are based upon causes of action for fraud, we do not disagree with that proposition. Appellees, however, maintained in their motion for summary judgment that the two-year statute of limitations applies to all claims, even those denominated as fraud claims, because they contend it is the essence of the cause of action that controls, not what a pleader might choose to call it. Appellants alleged in their amended petition that "[t]his is a conspiracy, personal injury and products liability case arising out of the purchase and habitation of a mobile home." Appellants alleged in their response to appellees' summary judgment that "[p]laintiffs sued defendants for product liability, personal injury, deceptive trade practices, and conspiracy to withhold ... information." As we have stated, all of those causes of action fall under the two-year statute of limitations and are

barred. The summary judgment proof in these cases reveal that appellants' cause of action sounds in tort, not in fraud. A plaintiff may not simply recast a claim so that it will not be statutorily barred. See, e.g., *Gormley v. Stover*, 907 S.W.2d 448 (Tex. 1995); *Drury v. Baptist Memorial Hospital System*, 933 S.W.2d 668 (Tex.App.—San Antonio 1996, writ den'd); *Viviano v. Moore*, 899 S.W.2d 326, 327 (Tex.App.—Houston [14th Dist.] 1995, writ den'd).[2] Points of Error Nos. 1 and 2 are overruled.[3]

In their third point of error, appellants maintain that the granting of the summary judgment in favor of appellees violates the "open courts" provision of the Texas Constitution. See TEX. CONST. art. I, § 13. The "open courts" provision operates to toll the statute of limitations in situations in which it is impossible to discover the injury and timely file suit during the limitations period. See *Neagle v. Nelson*, 685 S.W.2d 11 (Tex.1985). Here, however, appellants discovered the injury well within the limitations period; and they had a reasonable time within which to bring suit against appellees. Point of Error No. 3 is overruled.

The judgments of the trial court are affirmed.

---

2. These cases involve various statutory constructs (i.e. *Gormley* and *Drury* deal with TEX. REV.CIV.STAT. art 4590i, § 10.01 (1995) (Medical Liability and Insurance Improvement Act) and *Viviano* is concerned with TEX. FAM. CODE § 34.03 (1995)), but we find the rationale in those cases to be persuasive in the case before us.

3. Appellants also alleged a "cause of action" for "res ipsa loquitur." That doctrine does not provide an independent ground of recovery but, rather, is a rule of evidence which allows the inference of negligence in certain cases. See *Marathon Oil Company v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982); see also *Wal–Mart Stores, Inc. v. Lerma*, 749 S.W.2d 572 (Tex.App.—Corpus Christi 1988, no writ).