Motion for Rehearing Overruled, Opinion of May 23, 2002 Withdrawn,
Affirmed and Majority and Dissenting Opinions on Rehearing 









Motion for Rehearing Overruled,
Opinion of May 23, 2002 Withdrawn, Affirmed and Majority and Dissenting Opinions on Rehearing filed August 19,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-99-01044-CV

____________

 

LORI ZAGORSKI, Appellant

 

V.

 

ANTHONY ZAGORSKI, Appellee

 



 

On
Appeal from the 246th District Court

Harris County, Texas

Trial
Court Cause No. 97-43081

 



 

D
I S S E N T I N G  
O P I N I O N   O
N   R E H E A R I N G

It
is difficult to understand why there are few, if any, documents substantiating
Tony=s
claim that funds in the Darwin account are his separate property.  Tony failed to offer into evidence one
document which directly and unequivocally traces his separate property in or
out of the Darwin account _ no promissory note, no financial statement, and no banking
statement. 








In
the majority=s substituted opinion, my colleagues have acknowledged our
error and corrected the standard of review; however, the final result is
unchanged.  Because the burden of proof
at trial was by clear and convincing evidence, we must apply a higher standard
for legal and factual sufficiency.  In re J.F.C., 96 S.W.3d 256 (Tex. 2002).  But did we apply a higher standard?

Generally,
whether property is separate or community is determined by its character at
inception.  Barnett
v. Barnett, 67 S.W.3d 107, 111 (Tex. 2001).  Separate property consists of property owned
or claimed by a spouse before marriage or acquired by a spouse by gift, devise,
or descent during the marriage.  Tex. Fam. Code Ann. ' 3.001 (Vernon 1998).  Property possessed by the spouses upon the
dissolution of the marriage is presumed to be community property.  Tex. Fam. Code Ann. '3.003(a) (Vernon 1998).  To overcome the presumption of community
property, the spouse claiming certain property as separate property must trace
and clearly identify the property claimed to be separate.  Cockerham
v. Cockerham, 527 S.W.2d 162, 167 (Tex. 1975); McElwee v. McElwee,
911 S.W.2d 182, 188 (Tex.
App.CHouston [1st Dist.]
1995, writ denied).  The burden is on the
spouse claiming separate property to trace the asset to prove its separate
characterization.  McKinley
v. McKinley, 496 S.W.2d 540, 543 (Tex. 1973).  Tony contends that the money originated from
repayment of a loan that he made to his business, Rilco.  To which, the majority writes: 

While
it is true the evidence does not include documents such as a trust agreement
for the Account, a Rilco W.A. loan agreement or copies
of original wire transfers sending the money overseas, it is not our role to
question the absence of such documents.

 








I
respectfully submit that it is our role to question the absence of such
documents.  Mere testimony that the
property was purchased with separate funds, without any tracing of the funds,
is generally insufficient to rebut the presumption that the property belonged
to the community.  McElwee,
911 S.W.2d at 188; cf. Smith v. Smith, 22 S.W.3d 140, 144 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (tracing involves
establishing the separate origin of the property through evidence showing the
time and means by which the spouse originally obtained possession of the
property); Hilliard v. Hilliard, 722 S.W.2d 722, 723 (Tex. App.CDallas
1985, no writ).  Without these documents,
Tony asks us to believe the two million dollars was his separate property based
on the oral testimony of three friends (business associates) and
circumstantial documentary evidence to corroborate their testimony.  Why should we believe their testimony when it
is clear from the record that the trial court did not?  After Tony=s lawyer called Tony and John Rundell
to the witness stand, he called Nick Carbajal;
whereupon the judge made the following statement:

I
don=t know what he=s
said [Carbajal] he has said nothing yet that hasn=t already been
said at least twice in this case.  Now if
I didn=t
believe the first two, am I going to believe him?  I mean, he=s
still on the payroll, isn=t
he?

 

The above
comment indicates that the trial judge believed these witnesses had the same
goal in mind.  Thus, the majority
concludes that the trial court had clear and convincing evidence
notwithstanding the absence of documents and incredible witness testimony.  I cannot reach the same conclusion.  The evidence at trial indicating that the two
million dollars was Tony=s separate property was weak. 
Therefore, I would hold that Tony failed to overcome, by clear and
convincing evidence, the presumption that funds in the Darwin account were part
of the community estate.  Accordingly, I
respectfully dissent.  

 

 

/s/        Charles
W. Seymore

Justice

 

 

Judgment rendered and Majority and Dissenting Opinions
filed August 19, 2003.

 

Panel consists of
Justices Anderson, Hudson, and Seymore.  (Anderson, J. majority.)