NO. 07-11-00273-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2012

---

ALFREDO Z. DELGADO, APPELLANT

v.

SUSAN COMBS, COMPTROLLER OF PUBLIC
ACCOUNTS OF THE STATE OF TEXAS, APPELLEE

---

FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 11-088-C277; HONORABLE JAMES MORGAN, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Alfredo Z. Delgado, appeals the trial court's judgment dismissing his claims against Susan Combs, Comptroller of Public Accounts for the State of Texas. He claims the trial court erroneously granted Combs's motion for summary judgment and dismissed his claims asserting official oppression.

Factual and Procedural History

Delgado is a former employee of the Comptroller's office. Delgado explains that, on February 3, 2009, about three months after his employment was terminated and

immediately following a meeting with state legislators regarding veterans' affairs issues, he was at the corner of 18th Street and Trinity Street in downtown Austin, near the Comptroller's office, when he decided to pull over and call home to check in on an ill grandchild. Apparently, an unidentified number of current Comptroller employees who were outside the building on break saw Delgado in his vehicle and expressed some fear or concern regarding his presence in close proximity to the Comptroller's office.

According to Delgado's account, later that day after he had returned home, two Texas Comptroller Criminal Investigation Division officers, Lieutenant Jim Harris and Officer Hill,[1] drove to Delgado's home and asked him five questions on his porch. When Delgado inquired into the reason for this visit, Harris explained to Delgado that "several Comptroller employees saw Delgado there and felt threatened by his presence."

Delgado alleges that the five-minute interaction with Harris and Hill caused Delgado's symptoms of post-traumatic stress disorder–resulting from his experiences in Vietnam–to worsen. He characterizes the encounter as an "extremely dangerous situation." On February 1, 2011, Delgado filed his action against Combs for official oppression, asserting that Combs violated section 39.03 of the Texas Penal Code. See TEX. PENAL CODE ANN. § 39.03 (West 2011). In the trial court, he sought mandatory sensitivity training for Comptroller employees, Harris's and Hall's termination, and $500,000 in damages.

---

[1] The record does not contain Officer Hill's first name.

On March 18, 2011, Combs filed her Special Exceptions and Motion for Summary Judgment, contending that Texas law does not recognize a private cause of action for official oppression under section 39.03. Because no private cause of action exists based on a penal code provision, Combs contended, the trial court need not afford Delgado the opportunity to amend his pleadings. On May 10, 2011, after hearing argument on the motion, the trial court agreed, granted Combs's Special Exceptions and Motion for Summary Judgment, and dismissed Delgado's claims with prejudice.

Delgado has appealed the trial court's judgment and, by his appeal, generally contends that the trial court erred by dismissing his claim against Combs. Delgado contends that Combs's "strong-armed tactics" demonstrate that she considers herself above the law and constitute a violation of the Texas Penal Code's prohibition of official oppression. He "questions the purpose or validity of the Penal Code, based under a Constitutional mandate, if the courts refuse to enforce flagrant violations against its statutes." He maintains that the trial court "failed to protect the constitutional rights and privileges of [Delgado] by not allowing him to present his case with additional evidence and neglected to establish a private cause of action that should be recognized by law that is both fitting and proper under the circumstance that appellant and his family were unjustifiably subjected." We will affirm.

Standard and Scope of Review

A trial court's task in evaluating a summary judgment motion is to determine whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex.

3

1970).  "[T]he judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law."  <u>Id.</u> (emphasis in original).  We review the trial court's decision to grant summary judgment *de novo.*  <u>Valence Operating Co. v. Dorsett</u>, 164 S.W.3d 656, 661 (Tex. 2005).

When a party moves for summary judgment solely on the basis of the nonmovant's pleadings, he must accept all facts and inferences in the pleadings as true in the light most favorable to the nonmovant.  <u>Postive Feed, Inc. v. Guthmann</u>, 4 S.W.3d 879, 882 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (citing <u>Trunkline LNG Co. v. Trane Thermal Co.</u>, 722 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)).  Also, as we will explore more fully below, to serve as a basis for summary judgment, defects in the nonmovant's pleadings must appear to be incurable by any amendment of the pleadings.  <u>See</u> <u>id.</u>

While *pro se* litigants must comply with the law and rules of procedure, *pro se* pleadings and briefs are to be liberally construed.   <u>Tucker v. Austin American-Statesman</u>, No. 03-06-00437-CV, 2007 Tex. App. LEXIS 3316, at *7 (Tex.App.—Austin Apr. 26, 2007, pet. denied) (mem. op.) (citing <u>Shull v. United Parcel Serv.</u>, 4 S.W.3d 46, 53 (Tex.App.—San Antonio 1999, pet. denied)).  "'Liberal,' [however,] does not mean 'far-fetched.'"  <u>Toles v. Toles</u>, 113 S.W.3d 899, 911 (Tex.App.—Dallas 2003, no pet.).  For example, we cannot take that policy so far as to read into a petition a cause of action that was plainly omitted.  <u>See</u> <u>id.</u>

Applicable Law

The Texas Penal Code is criminal in nature and does not create any private civil causes of action. Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex.App.—Tyler 1996, writ denied); see TEX. CONST. art. I, § 30(e); TEX. CODE CRIM. PROC. ANN. art. 56.02(d) (West Supp. 2012); Brown v. De La Cruz, 156 S.W.3d 560, 567 & n.39 (Tex. 2004).

Generally, a movant must specially except before urging a motion for summary judgment that alleges a failure to state a claim, thereby giving the plaintiff an opportunity to amend deficient pleadings. Wilkinson v. Dallas/Fort Worth Int'l Airport Bd., 54 S.W.3d 1, 12 (Tex.App.—Dallas 2001, pet. denied); see Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 54–55 (Tex. 2003). This means that, in most cases, a court may not grant a "no cause of action" summary judgment without giving the plaintiff an opportunity to plead a viable cause of action. See Friesenhahn v. Ryan, 960 S.W.2d 656, 659 (Tex. 1998); White v. Bayless, 32 S.W.3d 271, 274 (Tex.App.—San Antonio 2000, pet. denied). "Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment." Peek v. Equip. Serv. Co., 779 S.W.2d 802, 805 (Tex. 1989)

However, if the petition does affirmatively demonstrate that no cause of action exists or that the plaintiff's recovery is barred, then the plaintiff need not be given the opportunity to amend. Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P., 235 S.W.3d 376, 388 (Tex.App.—Dallas 2007, pet. dism'd); see Tucker, 2007 Tex. App. LEXIS 3316, at *7. So, summary judgment based on a pleading deficiency may be

proper if the deficiency is one that could not be cured by amendment. See Friesenhahn, 960 S.W.2d at 658; Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972); Heil Co. v. Polar Corp., 191 S.W.3d 805, 817 (Tex.App.—Fort Worth 2006, pet. denied); see also Baylor Univ. v. Sonnichsen, 221 S.W.3d 632, 635, 637 (Tex. 2007) (per curiam).

One type of incurable pleading defect is the lack of a cause of action; "[s]ummary judgment is proper where the plaintiff's allegations cannot constitute a cause of action as a matter of law." Bradt v. West, 892 S.W.2d 56, 65 (Tex.App.—Houston [1st Dist.] 1994, writ denied). For example, when, because of the applicability of the employment-at-will rule, a plaintiff could not amend his pleading to state a legal cause of action for wrongful termination based on the facts alleged, the court concluded that there was an incurable pleading deficiency in plaintiff's petition on which summary judgment could be granted. See Currey v. Lone Star Steel Co., 676 S.W.2d 205, 212–13 (Tex.App.—Fort Worth 1984, no writ); see also Sadler v. Scott Felder, Inc., No. 03-96-00325-CV, 1996 Tex. App. LEXIS 4567, at *6 (Tex.App.—Austin Oct. 16, 1996, no writ) (recognizing that it is "possible for a plaintiff to plead facts that affirmatively negate his cause of action" and citing Tex. Dep't of Corr. v. Herring, 513 S.W.2d 6, 9 (Tex. 1974)).

## Analysis

In his petition, Delgado called upon the trial court to hold Combs to the "moral standard and obligation" set forth in section 39.03. He specifically "plead[ed] that the court find a private cause of action against [Combs] as this home invasion could have turned out terribly wrong and someone could have gotten hurt." He asks the same of

6

this Court. While we are not unsympathetic to Delgado's distress following what he, no doubt, perceives as a stressful interaction with the officers, we are, nonetheless, constrained by the law to conclude that section 39.03 provides Delgado with no private cause of action against Combs for official oppression.

Here, the fact that Delgado has pleaded a cause of action under section 39.03 of the Texas Penal Code when the Texas Penal Code does not provide any private causes of action presents an incurable defect in his pleading: "the absence of a right of action or an insuperable barrier to a right of recovery." See Swilley, 488 S.W.2d at 67. Because Delgado could not cure the defect apparent in his pleading, the trial court properly granted Combs's Special Exceptions and Motion for Summary Judgment.[2] See Friesenhahn, 960 S.W.2d at 658; Swilley, 488 S.W.2d at 67.

Delgado asks this Court to recognize a private cause of action under section 39.03. We decline his invitation to depart from the well-established principle that the

---

[2] Though Delgado generally complains of the trial court's order, his complaints on appeal do seem to focus more on a plea to recognize a cause of action for official oppression under section 39.03. We recognize that Delgado has not clearly articulated a specific complaint directed at the mechanism by which the trial court dismissed his claims, but, in the interest of fairness to the *pro se* Delgado, we discuss the law concerning this mechanism as applicable to the instant case. We understand that Delgado's failure to raise it in the trial court and his failure to clearly argue it before this Court could be said to effectively waive any complaint in this regard but note that these circumstances serve as an exception to the general rule that a motion for summary judgment cannot be used to dismiss a party's cause of action in the absence of an opportunity to amend his pleadings. See San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam) (on preservation of this issue); Ball v. Smith, 150 S.W.3d 889, 893 (Tex.App.—Dallas 2004, no pet.) (same). The circumstances here would fall into the exception to that general rule because the deficiencies in Delgado's pleading were of the nature that could not be amended. That is, there is no way in which he could have amended his pleadings to allege a private cause of action for official oppression under section 39.03; such a cause of action does not and cannot exist.

7

Texas Penal Code does not provide a private cause of action to enforce its provisions. We are not at liberty to change Texas law in this manner. Sepaugh v. LaGrone, 300 S.W.3d 328, 338 (Tex.App.—Austin 2009, pet. denied). As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute. Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 565 (Tex.App.—Austin 2004, no pet.). Delgado provides this Court with anecdotal accounts of cases in which officials were suspected, accused, or found guilty of having committed official oppression or abuse of office. Though he does not cite the Court to the cause numbers in these cases, it would appear from his own descriptions that such actions were, in fact, criminal prosecutions undertaken against certain officials for their actions in relation to their offices. We have no basis or authority upon which we could properly distinguish the instant case from well-established precedent.

## Conclusion

Having overruled Delgado's sole point of error on appeal, we affirm the trial court's summary judgment. See TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

8