Harvey Brown, Justice
In this appeal from an order striking a petition in intervention, the issue is whether the two-year statute of limitations of the Deceptive Trade Practices-Consumer Protection Act applies to the intervenor's claim for breach of the implied warranty of good and workmanlike repairs to existing tangible goods and property.[1]
Intervenor Daniel Nghiem was injured in a plane crash. Over two years later, Nghiem petitioned to intervene in a suit against a company that made repairs to the plane before the crash, Global Aviation Service, Inc. The trial court struck Nghiem's petition as untimely. In a single issue, Nghiem argues that the trial court erred in striking his petition because his implied warranty claim was governed by *190 the residual four-year statute of limitations of the Civil Practice and Remedies Code.[2] We affirm.
Background
In June 2013, Daniel Nghiem and Rupom Sajib were injured in a plane crash. Sajib asserted a negligence claim against Global, a company that had performed maintenance and repairs on the plane before the crash.
More than two years later, Nghiem petitioned to intervene as a plaintiff in Sajib's suit against Global, asserting a claim for breach of the implied warranty of good and workmanlike repairs to existing tangible goods and property.
Global moved to strike Nghiem's petition, arguing that Nghiem could not intervene because his implied-warranty claim was barred by the DTPA's two-year statute of limitations. Nghiem responded that he was asserting his claim under the common law and that his claim was therefore governed by the four-year statute of limitations of the Civil Practice and Remedies Code. Global replied that the implied warranty of good and workmanlike repairs is not actionable under the common law but only under the DTPA and is therefore necessarily governed by the DTPA's two-year statute of limitations.
The trial court agreed with Global, struck Nghiem's petition, and severed his claims. Nghiem appeals.
Statute of Limitations
In a single issue, Nghiem contends that the trial court erred in striking his petition in intervention. Nghiem argues that his claim was not barred by limitations because it was brought under the common law, not the DTPA, and was therefore governed by the residual four-year statute of limitations of the Civil Practice and Remedies Code, not the two-year statute of limitations of the DTPA.
A. Applicable law and standard of review
The purpose of an intervention is to join a lawsuit that is already in progress. Under Rule 60 of the Rules of Civil Procedure, a "party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60.
Rule 60"authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." In re Union Carbide Corp. , 273 S.W.3d 152, 154 (Tex. 2008) (per curiam). A party has a justiciable interest in the suit when his interests will be affected by the litigation. Id. at 155. That is, a party has a justiciable interest if he either (1) could have brought all or part of the same suit in his own name or (2) would have been able to defeat all or part of the recovery if the suit had been filed against him. Guar. Fed. Sav. Bank v. Horseshoe Operating Co. , 793 S.W.2d 652, 657 (Tex. 1990).
If a party to the pending suit opposes the intervention, the party may file a motion to strike the petition in intervention. See TEX. R. CIV. P. 60 ; In re Union Carbide , 273 S.W.3d at 155. "If any party to the pending suit moves to strike the intervention, the intervenors have the burden to show a justiciable interest in the pending suit." Id.
We review a trial court's order striking an intervention for an abuse of *191 discretion. Guar. Fed. Sav. Bank , 793 S.W.2d at 657.
B. Nghiem's claim is governed by the DTPA's two-year statute of limitations
It is undisputed that Nghiem asserted his implied-warranty claim more than two years after the claim accrued. If the DTPA's statute of limitations applies to Nghiem's claim, then limitations ran on his claim before he filed his petition, and he has no justiciable interest in Sajib's suit against Global.
Whether the DTPA's statute of limitations applies to Nghiem's implied-warranty claim is a question of law that we review de novo. See Williams v. Khalaf , 802 S.W.2d 651, 658 (Tex. 1990) ; Kaldis v. Crest Fin. , 463 S.W.3d 588, 592 (Tex. App.-Houston [1st Dist.] 2015, no pet.).
In Foreman v. Pettit Unlimited, Inc. , we held that a claim for breach of implied warranty of good and workmanlike repairs to existing tangible goods is actionable only under the DTPA and is therefore governed by the DTPA's two-year statute of limitations. 886 S.W.2d 409, 412 (Tex. App.-Houston [1st Dist.] 1994, no writ).
Our holding was based on Melody Home Manufacturing Co. v. Barnes , in which the Texas Supreme Court held that, as a matter of public policy, "an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA." 741 S.W.2d 349, 354 (Tex. 1987). Although Melody Home did not expressly rule that the implied warranty is actionable only under the DTPA, it observed that consumers of services, unlike consumers of certain goods, do not enjoy the protection of any "common law implied warranty scheme." Id. at 353. This observation led us to conclude in Foreman that "the DTPA is the only way of pursuing an implied warranty claim for repairs to existing tangible goods" and therefore that "such a claim must necessarily be brought within the two-year DTPA limitations period." 886 S.W.2d at 412.
Since its issuance in 1994, Foreman has not been modified or overruled. Nghiem nevertheless contends that Foreman was wrongly decided and urges us to overrule the decision now. Citing case law from the Tyler court of appeals[3] and the Fifth Circuit,[4] Nghiem contends that an implied warranty claim may be asserted under the common law, subject to the residual four-year statute of limitations set forth in the Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE § 16.051. Nghiem further contends that applying the DTPA's two-year statute of limitations to his implied-warranty claim would be "against the public policy of adequately protecting consumers in complex matters."
We recognize that courts are split as to whether a claim for breach of the implied warranty of good and workmanlike repairs may be brought under only the DPTA, but four Texas intermediate appellate courts-including this one-favor this approach.[5]
*192 Gonzales v. Sw. Olshan Found. Repair Co. , 400 S.W.3d 52, 55 n.9 (Tex. 2013) ("One court of appeals and the Fifth Circuit have held that the implied warranty of good and workmanlike repairs is actionable under the common law and not only under the DTPA. Four courts of appeals have held that this implied warranty is only actionable under the DTPA.").
And even if Foreman had misapplied Melody Home , we would still be bound to follow Foreman because there has been no intervening material change in the law since the opinion was issued. See Ross v. Union Carbide Corp. , 296 S.W.3d 206, 221 (Tex. App.-Houston [14th Dist.] 2009, pet. denied) (en banc) (Frost, J., concurring) ("[A]bsent (1) a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or (2) an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court.").
We therefore decline Nghiem's invitation to overrule Foreman . "Since the DTPA is the only way of pursuing an implied warranty claim for repairs to existing tangible goods, such a claim must necessarily be brought within the two-year DTPA limitations period." Foreman , 886 S.W.2d at 412.
We hold that the trial court did not abuse its discretion in striking Nghiem's petition in intervention. Accordingly, we overrule Nghiem's sole issue.
Conclusion
We affirm the trial court's order.

See Tex. Bus. & Com. Code § 17.565 (setting forth DTPA's two-year statute of limitations).

See Tex. Civ. Prac. & Rem. Code § 16.051 (setting forth residual four-year statute of limitations).

Basic Energy Serv., Inc. v. D-S-B Props., Inc. , 367 S.W.3d 254 (Tex. App.-Tyler 2011, no pet.).

Walker v. Sears, Roebuck & Co. , 853 F.2d 355 (5th Cir. 1988).

Compare Sw. Olshan Found. Repair Co. v. Gonzales , 345 S.W.3d 431, 437 (Tex. App.-San Antonio 2011), aff'd on other grounds , 400 S.W.3d 52 (Tex. 2013) ; Koehler v. Sears, Roebuck & Co. , No. 05-98-01325-CV, 2001 WL 611453, at *5 (Tex. App.-Dallas June 6, 2001, no pet.) ; Foreman v. Pettit Unlimited, Inc. , 886 S.W.2d 409, 412 (Tex. App.-Houston [1st Dist.] 1994, no writ) ; Darr Equip. Co. v. Allen , 824 S.W.2d 710, 712 (Tex. App.-Amarillo 1992, writ denied), with Basic Energy Serv. , 367 S.W.3d at 269 ; Walker , 853 F.2d at 362 n.5.