**Frank REYES d/b/a Americana International, Appellant,**

**v.**

**INTERNATIONAL METALS SUPPLY COMPANY, Appellee.**

No. 01–83–0407–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 16, 1984.

Gary B. Pitts, Robert Julian, Houston, for appellant.

Trey Bergman, Fouts & Bergman, Houston, for appellee.

Before WARREN, BASS and COHEN, JJ.

## OPINION

BASS, Justice.

Appellant, Frank Reyes d/b/a Americana International, "Reyes" filed suit against the appellee, International Metals Supply Company, "IMSCO", to recover $1,344.33 owed on an account. IMSCO counterclaimed to recover for expenses resulting from Reyes' mishandling of a shipment of valves from Bilbao, Spain to Mexico. The trial court entered judgment ordering that Reyes take nothing due to an offset, and that IMSCO recover $5,000.

The judgment is affirmed.

Reyes was an ocean freight forwarder and customhouse broker and IMSCO was an importer of foreign metals. In 1979, IMSCO secured an order from a Mexican company, Pemex, for various products and then contracted for the materials to fill the order through suppliers in Japan, England, and Spain.

The first two shipments arrived without incident. However, the Spanish shipment did not. The goods were to be shipped from Bilbao, Spain, to the Port of Houston, then stored in a custom warehouse until they were transported on to Mexico. The shipment arrived in Houston about January 18, 1979; however, instead of being forwarded to Pemex, it remained in Houston until July of 1980. IMSCO was unaware of this year and a half delay until it received a letter from Pemex demanding payment for storage cost and duties which had been unnecessarily incurred. Pemex had paid the expenses to prevent the auction of the goods for storage cost, and IMSCO reimbursed this payment. Subsequently, Reyes filed suit to collect on an unpaid account and IMSCO counter-claimed seeking damages in the amount of the reimbursement.

On December 3, 1982, IMSCO sent Reyes a set of interrogatories and requests for admission. In their answers Reyes denied handling the Spanish shipment and stated that his last transaction with IMSCO had been sometime in 1978. Reyes filed these answers within the prescribed time period, however, the answers were not signed and sworn to, as required by Tex.R.Civ.Pro. 169. Due to the insufficiency of these answers, on December 15, 1982, IMSCO's request for admissions were deemed admitted as a matter of law pursuant to Tex.R. Civ.Pro. 169. However, on February 16, 1983, IMSCO filed a motion specifically asking the court to deem the requests admitted, pointing out that appellant's responses were insufficient under Rule 169. Although a copy of that motion was hand delivered to Reyes, Reyes did not respond to that motion, either by filing a motion in opposition, or by moving to withdraw or amend his previous responses.

The case was called to trial on February 21, 1983, at which time the court questioned Reyes regarding his failure to correct his response, and was assured by his counsel that there was "no problem." Reyes' counsel then announced ready and presented his case-in-chief on his suit on the sworn account. At the close of Reyes' case, the judge summoned counsel for both parties and the court reporter into chambers. During this discussion, Reyes' counsel realized his error, and orally made a motion to withdraw and amend his response. The court denied the motion and deemed the requests admitted.

Counsel for Reyes was then advised that he would not be allowed to offer any evidence contrary to the facts deemed admitted. Later, when Reyes' counsel attempted

to offer evidence contrary to these admissions, counsel for IMSCO objected and that objection was sustained. Reyes made no effort to preserve this evidence by way of a bill of exceptions.

In Reyes' first point of error he contends the trial court erred in refusing to allow the withdrawal of his admissions so that the presentation of the merits would be subserved thereby. Tex.R.Civ.Pro. 169. In his second point of error, he contends the trial court erred in overruling his motion for new trial, and in rendering a judgment for IMSCO, on the ground there was no evidence, or insufficient evidence, to support the judgment.

This appeal involves the construction of Rule 169 of the Texas Rules of Civil Procedure. The relevant portions of rule 169 state:

> At any time after the defendant has made appearance in the cause, or time therefor has elapsed, a party may deliver or cause to be delivered to any other party or his attorney of record a written request for the admission by such party of ... the truth of any relevant matters of fact set forth by the request. Copies of the documents shall be delivered with the request unless copies have already been furnished. Whenever a party is represented by an attorney of record, delivery of a request for admissions shall be made to his attorney unless delivery to the party himself is ordered by the court. The request shall state ... that each of the matters of which an admission is requested shall be deemed admitted unless a sworn statement is delivered to the party requesting the admissions or his attorney as provided in this rule. Each of the matters of which an admission is requested shall be deemed admitted unless ... the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either

admit or deny those matters. A true copy of a request for admissions or of a sworn statement in reply thereto, together with proof of the delivery thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making such request or sworn statement.

■ Generally, where a party fails to answer a request for admissions within the period set by the court, the facts stated therein will be taken as true, and the courts will not allow evidence to refute or controvert these facts. The request are likewise deemed admitted when the answers are not properly verified. Tex.R.Civ. Pro. 169; See, 2 McDonalds, Texas Civil Practice 10.09. The facts are considered to be established as a matter of law, *Joyner v. Alban Group*, 541 S.W.2d 292 (Tex.Civ. App.—Houston, [1st Dist.] 1976, no writ), and it is usually unnecessary to file a formal motion asking that the request be deemed admitted.

Rule 169 was amended in 1973 to allow for the withdrawal of answers to request for admissions in certain limited circumstances. The amendment states:

> [T]he court *may* permit withdrawal or amendment (of an admission to a request for admission) when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

■ Although it is generally held that where a party files answers which are sufficient, except for a defect in, or the omission of the verification, upon timely request an amendment should be allowed or, if necessary, the time should be extended to permit the correction of the defect. *Durrett v. Boger*, 234 S.W.2d 898, (Tex.Civ. App.—Texarkana 1950, no writ).

■ However, in *Werner v. Miller*, 579 S.W.2d 455 (Tex.1979), the Texas Supreme Court recognized that supervision over pretrial discovery must be within the sound

discretion of the trial judge. Compliance with discovery rules can only be accomplished where the trial judge has adequate power to enforce the rules and impose sanctions for their abuse. The choice of an appropriate sanction is with the trial judge, not with the appellate court, and so long as such sanctions are within the power vested with the court, they will not be overturned unless they constitute a clear abuse of discretion. *Firestone v. Lamaster*, 567 S.W.2d 273 (Tex.Civ.App.Texarkana—1978, no writ)

Since the language of Rule 169 is not mandatory, a refusal of the trial judge to allow withdrawal or amendment continues to be judged under the standard of abuse of discretion. See *Agristor Credit Corp. v. Donahue*, 568 S.W.2d 422 (Tex. Civ.App.—Waco—1978, writ ref'd n.r.e.). The language of Rule 169 further states that such an amendment should not be granted if it would prejudice the other party in maintaining his action or defense on the merits.

In the case at bar, Reyes announced ready for trial and presented his case on the merits prior to making his oral motion to amend. Since the facts were already deemed admitted under Rule 169, IMSCO had no reason to be prepared to offer proof of such facts.

The record shows that Reyes was given ample opportunities to correct his answer, if he so desired, and thus avoid the result of the facts being deemed admitted. See *Bottinelli v. Robinson*, 594 S.W.2d 112 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). However, Reyes did nothing to prevent the deemed admission of the facts. We hold the trial court's action was not an abuse of discretion, *Ice Service Co. v. Scruggs*, 284 S.W.2d 185 (Tex.Civ.App.— Fort Worth—1955, writ ref'd n.r.e.), and overrule appellant's first point of error.

Appellant's second point of error concerns the sufficiency of evidence. This court has previously dealt with the sufficiency of previous request deemed admitted, to establish an element in plaintiff's case. The facts deemed admitted conclusively established the elements of IMSCO's case and no further evidence was required. *Joyner v. Alben, supra.* Furthermore, there was additional testimony offered by IMSCO without objection which showed that Reyes and his agent Parssi, had handled the Spanish cargo.

Appellant's second point of error is overruled.

The judgment is affirmed.