**Burnice Joe BIRDO, Appellant,**

**v.**

**Johnnie PARKER, et al., Appellees.**

**No. 12–89–00177–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 31, 1992.

Rehearing Denied June 18, 1992.

Burnice Birdo, pro se.

Louis Carrilo, David Payne, Austin, for appellees.

BILL BASS, Justice.

Burnice Joe Birdo appeals from a judgment denying him recovery for injuries he allegedly sustained as an inmate in the Eastham Unit of the Texas Department of Criminal Justice—Institutional Division (hereinafter "TDCJID"). Birdo put on no evidence at the trial on the merits, relying only on requests for admissions that were untimely answered by the appellees. We will affirm the trial court's judgment.

Birdo, while incarcerated in the TDCJID, allegedly slipped and fell in his cell when inmates at the facility flooded the floor by clogging their toilets and sinks. Birdo claims he was injured when he was attempting to get down from his bunk-bed in order to retrieve his food tray from the cell's tray slot. Birdo filed suit against two TDCJID officers, the TDCJID, the State of Texas, and James Lynaugh, the Director of the TDCJID. He then served six sets of requests for admissions upon the defendants to be answered within 30 days as required by Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE. Some of the requests were answered within the 30–day period. Those served upon the State of Texas and to Lynaugh were answered outside of the 30–day period.

At trial, Birdo chose not to introduce any evidence before the court other than the requests for admissions that were not timely answered. He claimed that the failure of the appellees to answer within the 30–day period resulted in deemed admissions of each request. TEX.R.CIV.P. 169. The trial court rejected Birdo's argument, disregarding any deemed admissions and entering judgment against him.

█ Birdo, in his first two points of error, now insists that the deemed admissions conclusively establish every element of his

claim against the appellees. He made one request of the appellees that, if admitted, would have had the effect of proving every element of his claim: "Admit or deny that each and every allegation made in plaintiff's Amended Original Petition filed and served in this case is true." The other requests for admissions together, if admitted, would not prove the necessary elements of Birdo's claim. Therefore, we only address the request by Birdo for the defendants to admit that each allegation in his petition is true.

■ "The primary purpose of [Rule 169] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950). We do not believe that this request made to the appellees was proper; therefore, it did not result in a deemed admission. Sweepingly broad requests for admission, such as this one, may not result in deemed admissions. *Powell v. City of McKinney*, 711 S.W.2d 69, 71 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Litigants should not be allowed to use the rule as a tool to trap their opposition, especially when, as here, the party has repeatedly denied the plaintiff's broad allegations in pleadings and other discovery requests. *Birdo v. Holbrook*, 775 S.W.2d 411, 413 (Tex.App.—Fort Worth 1989, writ denied) (trial court properly allowed the withdrawal of an inadvertent admission to an identical request for admission made by Birdo). Points of error one and two are overruled.

Even assuming the commission of the error urged by appellant in his remaining points, none could have resulted in the rendition of an improper judgment. Error, if any, is harmless. TEX.R.APP.P. 81(b)(1). We overrule points of error three through five.

The judgment is affirmed.