**DALLAS MARKET CENTER HOTEL
COMPANY, Appellant,**

v.

**BERAN & SHELMIRE, et al., Appellees.**

No. 13–92–351–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1993.

Rehearing Overruled Oct. 7, 1993.

Rebecca E. Hamilton, Lee Anne Morris, Terence M. Murphy, James P. Karen, Jones, Day, Reavis & Pogue, Dallas, for appellant.

D. Bradley Dickinson, William N. Hamilton, Robert B. Gilbreath, Vial, Hamilton, Koch & Knox, Hollye C. Fisk, Fisk & Fielder, P.C., Kevin J. Keith, Fowler, Wiles, Norton & Keith, P. Michael Jung, M. Kelly Allbritton, Marjorie L. Powell, Strasburger & Price, Dallas, for appellees.

Before GILBERTO HINOJOSA, NYE [1] and SEERDEN, JJ.

1. Former Chief Justice, retired April 30, 1993.

OPINION

GILBERTO HINOJOSA, Justice.

Appellant, Dallas Market Center Hotel Company, sued appellees[2] for breach of contract, breach of warranty, and negligent design and construction. The trial court granted appellees' summary judgment motions based on the statutes of limitations. We reverse and remand.

Appellant owns the Anatole Tower portion of the Anatole Hotel. Appellees completed construction of the Tower in 1983. From the outset, the Tower experienced minor leakage problems. A particular leak at the intersection of a wall and roof allowed water to collect in the hotel lobby. From 1985 to 1986, appellees offered various explanations for the cause of this "intersection leak" and eventually stopped the leakage by reflashing the intersection.

In 1989, appellant noticed that the entire expanse of the exterior structural masonry work was deteriorating, allowing water to enter the Tower through the walls. Appellant retained an expert structural engineer to perform a design and construction investigation. In March 1990, appellant's structural engineer concluded that numerous design deficiencies existed in the architectural and structural plans and specifications for the Anatole Tower. Once appellant determined that appellees were unwilling to address these problems, appellant filed suit.

Appellees filed motions for summary judgment, alleging that appellant's suit was barred by the applicable statutes of limitations. In response to appellant's pleading the discovery rule, they contended that appellant was aware of and acknowledged the existence of water leakage five years before suit was filed.

Appellants responded that a genuine issue of material fact existed as to whether the discovery rule tolled the statutes of limitations. In support of this argument, appellant submitted the affidavit of Allen E. Cullum, President of Trammel Crow Design and Construction Company. Cullum had corresponded with appellees in 1985 and 1986, on behalf of appellant, to address the "intersection leak." In his affidavit, Cullum attested that the widespread masonry deterioration at issue was completely unrelated to the 1985 "intersection leak" and was not discovered until 1989 or 1990. Cullum also attested that none of the appellees "ever suggested ... that the leak problem was serious, widespread or could involve defects in the entire masonry system." On June 7, 1985, Paul Walker, with Beran & Shelmire, reported to Cullum that "I pulled a loose chunk of mortar out of a joint at the Tower base and crumbled it with my fingers, indicating that the water could be entering through the mortar." However, Ron Weaver, with Beran & Shelmire, reported to Cullum on September 15, 1986, that he had "found no structural defects in any of the exterior brick walls." Furthermore, on December 16, 1986, Weaver told Chris Leyenberger of Trammell Crow Design and Construction Company that "much of the water problem will be eliminated" by reflashing. William Overton Shelmire, Beran & Shelmire's principal, acknowledged in his 1990 deposition that the earlier leak problems "seemed to be isolated," and that he became aware of the leakage and deterioration problems in the tower "within the last year."

Summary judgment is appropriate only "to eliminate patently unmeritorious claims" and is not intended to deprive a litigant of the right to a full hearing on the merits of any real issue of fact. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *American Medical Electronics v. Korn,* 819 S.W.2d 573, 575 (Tex.App.— Dallas 1991, writ denied). A party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546,

---

**2.** Appellees are the various contributors to the construction of the Anatole Tower: Beran & Shelmire is the architectural firm; Brockette Davis Drake, Inc. is the structural engineer; Dell Masonry, Inc., is the masonry contractor; and The Hunt Corporation is Orion Construction Co.'s guarantor.

548–49 (Tex.1985). In deciding whether disputed material fact issues preclude summary judgment, evidence favorable to the nonmovant is taken as true; every reasonable inference is indulged in favor of the nonmovant and any doubt is resolved in its favor. *Nixon*, 690 S.W.2d at 548–49. To prevail on the basis of an affirmative defense, a movant must conclusively prove all of the elements of the affirmative defense as a matter of law. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam) (statute of limitations).

■■ In its fourth point of error, appellant asserts that the trial court erred in granting summary judgment because appellant raised a genuine issue of material fact as to whether, under the discovery rule, the claims accrued in 1985 or in 1989. Under the discovery rule, a cause of action accrues, causing the statute of limitations to begin, when a party either actually knew, or a reasonable person exercising reasonable diligence should have known, of the facts supporting each element of the cause of action. *Burns*, 786 S.W.2d at 267. Appellees assert that the discovery rule is inapplicable to construction cases of this nature. *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

We find no case law holding that the discovery rule is inapplicable to construction cases grounded upon negligence, breach of warranty, or breach of contract. That this is so is not surprising, since the policy considerations underlying the application of the discovery rule are also present in the construction context. An aggrieved party frequently does not discover an injury until months or years after construction is completed. Such a situation would lead to a particularly unjust result if limitations barred the action before it was discovered. *See Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988) ("This court has adopted the discovery rule in cases other than legal malpractice in which it is difficult for the injured party to discover the negligent act or omission."); *Gaddis v. Smith*, 417 S.W.2d 577, 581 (Tex.1967) ("the disadvantage to the defendant ... is overbalanced by the shocking results of the contrary rule which would bar a plaintiff from recovery when he could not know of the wrongful act until after the period of time prescribed by the statute of limitations had run."). Accordingly, we affirmatively hold that the discovery rule applies in construction cases in which an aggrieved party could not have known of the wrongful act until after the limitations period has expired.

■ When a nonmovant pleads the discovery rule in response to a motion for summary judgment, the movant must negate the discovery rule by proving as a matter of law that no genuine issue of material fact exists as to when the injury was discovered or should have been discovered. *Burns*, 786 S.W.2d at 267; *Korn*, 819 S.W.2d at 576. We find that a genuine issue of material fact existed as to whether appellant discovered or should have discovered the extensive masonry defects. We acknowledge that appellees identified possible masonry problems in their 1985 and 1986 correspondence with appellant. However, we cannot discern from the letters whether this was sufficient, as a matter of law, to hold that appellants "discovered" the extensive nature of the masonry defects which form the basis of this suit. Any doubt must be resolved in favor of appellant. *Nixon*, 690 S.W.2d at 548–49. Moreover, whether appellant should have more quickly discontinued its reliance on appellees' reports and hired an independent structural engineer is not an appropriate question for this Court to decide. We hold that appellees have not negated the discovery rule by proving as a matter of law that appellant discovered or should have discovered the injury before 1989. *Burns*, 786 S.W.2d at 267; *Korn*, 819 S.W.2d at 576. Appellant's fourth point of error is sustained.

We need not address appellant's other points of error, because they are not necessary to the final disposition of this appeal. *See* Tex.R.App.P. 90(a).

The judgment of the trial court is REVERSED and REMANDED.

NYE, former C.J., not participating.