In re the ESTATE OF Ethel Arnetta HERRING.

No. 13–96–248–CV.

Court of Appeals of Texas, Corpus Christi.

March 5, 1998.

Paula Waddle, Corpus Christi, for appellant.

Eric B. Tucker, Austin, Michael D. George, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA and CHAVEZ, JJ.

SEERDEN, Chief Justice.

Lemuel O. Herring appeals from the trial court's take-nothing summary judgment against him on his claims for conspiracy and fraudulent transfer of community property by his wife, now deceased, to Jimmy Robert Keys, her son by a prior marriage. By a single point of error challenging the summary judgment, Herring complains that the trial court erred in concluding that all of his claims were barred by the statute of limitations. We reverse and remand.

Lemuel and Ethel Herring had been married for many years when Ethel died on April 9, 1990. During the course of their marriage, Ethel Herring on several occasions transferred funds and property from the community estate to Keys, her son by a prior marriage, allegedly without Lemuel Herring's knowledge.

Just over four years after Ethel Herring's death, Lemuel Herring filed on August 12, 1994, his Plaintiff's Original Petition as a suit incident to the administration of the Estate of Ethel Arnetta Herring. Herring sued both Katina Brauchle, his daughter and the administrator of his wife's estate, and Keys. Herring alleged that his wife and Keys conspired secretly to transfer community property to Keys. Accordingly, Herring claimed that he had been defrauded of his interest in the transferred community property and that he did not discover the fraudulent transfers until after his wife died. Specifically, Herring alleged a 1984 promissory note for $15,000 to attorney Joe F. Wheat for legal services rendered to Keys in connection with criminal charges against him, $8,000 in lease payments and a $15,000 judgment on default of payment on a 1985 vehicle lease for Keys, and additional payments to Keys exceeding $8,000 from the proceeds of the sale of a community property silver coin collection and the cash surrender value of insurance policies. Herring asked for damages including the value of his interest in the wrongfully transferred community property, and for damages to his credit rating which resulted from these transfers.

Keys filed a motion for summary judgment on the ground that the applicable statutes of

limitations bar all of Herring's claims.[1] The motion for summary judgment was heard on February 20, 1996, and on April 30, 1996, the trial court granted a take-nothing summary judgment against Herring on all claims.[2]

■ A party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether disputed material fact issues preclude summary judgment, evidence favorable to the nonmovant is taken as true; every reasonable inference is indulged in favor of the nonmovant and any doubt is resolved in his favor. *Nixon*, 690 S.W.2d at 548–49. To prevail on the basis of an affirmative defense, a movant must conclusively prove all of the elements of the affirmative defense as a matter of law. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam); *Dallas Market Center Hotel Co. v. Beran & Shelmire*, 865 S.W.2d 145, 147 (Tex.App.—Corpus Christi 1993, writ denied).

■ Specifically, a defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and, when applicable, must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990); *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex. 1977).

The two causes of action that Herring raised in his petition were civil conspiracy and fraudulent transfer of community property.

■ The statute of limitations for civil conspiracy is two years. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp. 1997); *Nelson v. American Nat. Bank of Gonzales*, 921 S.W.2d 411, 415–416 (Tex. App.—Corpus Christi 1996, no writ); *Cathey v. First City Bank of Aransas Pass*, 758 S.W.2d 818, 822 (Tex.App.—Corpus Christi 1988, writ denied). In addition, the discovery rule applies to conspiracy to commit fraud. *Cathey*, 758 S.W.2d at 822 n. 3. Accordingly, the statute of limitations would bar Herring's claims for conspiracy to the extent that Keys can prove that Herring knew or should have known of such claims on August 12, 1992, two years before he filed his petition.

■ Herring's cause of action for fraudulent transfer is based on the fiduciary relationship that exists between a husband and a wife as to the community property controlled by each spouse. See *Zieba v. Martin*, 928 S.W.2d 782, 789 (Tex.App.—Houston [14th Dist.] 1996, no writ); *In re Moore*, 890 S.W.2d 821, 827 (Tex.App.—Amarillo 1994, no writ); *Carnes v. Meador*, 533 S.W.2d 365, 370 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). The breach of a legal or equitable duty which violates this fiduciary relationship existing between spouses is termed "fraud on the community," a judicially created concept based on the theory of constructive fraud.[3] *Zieba*, 928 S.W.2d at 789; *In re Moore*, 890 S.W.2d at 827; *Jackson v. Smith*, 703 S.W.2d 791, 795 (Tex.App.—Dallas 1985, no writ).

■ If a spouse disposes of community property in fraud of the other spouse's

1. Although Brauchle did not join in Keys' motion for summary judgment, Herring does not raise any argument on appeal concerning the disposition of his claims against the estate along with those against Keys. Accordingly, we do not reach the issue of whether final summary judgment should have been rendered on Herring's claims against the estate absent a proper motion for summary judgment by the estate.

2. We note that Herring filed a Plaintiff's Amended Original Petition on March 1, 1996, ten days after the February 20, 1996, hearing on the motion for summary judgment. The trial court declined to consider the amended petition, and

Herring has failed to argue on appeal that it should be considered by this Court. Because the amended petition was filed after the summary judgment hearing and without leave of court, we disregard it for purposes of the present appeal. See TEX R.APP. P. 63; *Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988).

3. Constructive fraud is the breach of a legal or equitable duty which the law declares fraudulent because it violates a fiduciary relationship. *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964); *Carnes*, 533 S.W.2d at 370.

rights, the aggrieved spouse has a right of recourse first against the property or estate of the disposing spouse; and, if that proves to be of no avail, then the aggrieved spouse may pursue the proceeds to the extent of his community interest into the hands of the party to whom the funds have been conveyed. *Carnes*, 533 S.W.2d at 371.

In the present case, Herring has not only sued his late wife's estate, but also attempts to pursue the proceeds of community property transferred to Keys in breach of the fiduciary duty owed to him by his late wife and as a constructive fraud on his interest in the community estate.

Ordinarily, a claim of fraud or misrepresentation is a claim for a debt and, as such, is governed by a four-year statute of limitations. See Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(3) (Vernon 1986); *Williams v. Khalaf*, 802 S.W.2d 651, 656–57 (Tex.1990). As a breach of fiduciary duty subsumes a claim of constructive fraud, it also is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997); *Perez v. Gulley*, 829 S.W.2d 388, 390 (Tex.App.—Corpus Christi 1992, writ denied); *Spangler v. Jones*, 797 S.W.2d 125, 132 (Tex.App.—Dallas 1990, writ denied).

Generally, the statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence. *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997); see also *Ruebeck v. Hunt*, 176 S.W.2d 738, 739 (Tex.1944). Similarly, when there has been a breach of fiduciary duty, the statute of limitations does not begin to run until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act. *Little*, 943 S.W.2d at 420; see also *Slay v. Burnett Trust*, 187 S.W.2d 377, 394 (Tex.1945).

Specifically, a cause of action to set aside a transfer of community property to a third party on the ground of constructive fraud is somewhat like a cause of action to set aside a conveyance by a debtor to a third party in fraud of his creditors, which is also regulated by the four-year residual statute of limitations and does not accrue, nor does limitations begin to run, until the fraud is discovered, or could have been discovered by the exercise of reasonable diligence. See *Hoerster v. Wilke*, 158 S.W.2d 288, 289–90 (Tex.1942); *Eckert v. Wendel*, 40 S.W.2d 796, 797 (Tex.1931); Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997).

Accordingly, the statute of limitations would bar Herring's claims for fraudulent transfer to the extent that Keys can prove Herring knew or should have known of such claims on August 12, 1990, four years before he filed his petition.

Keys sought to prove his affirmative defense of limitations by introducing summary judgment evidence including affidavits, the prior testimony of Herring, and answers by Herring to Keys' request for admissions. Herring and Keys each submitted their own affidavits making conclusory assertions that Herring either knew, or did not know, of the fraudulent transactions in question before his wife's death. Based solely on the affidavits, a fact question clearly remains.

However, to support the summary judgment in his favor, Keys relies primarily on a set of deemed admissions that resulted from Herring's failure to sign his answers to Keys' request for admissions.

Deemed admissions are competent summary judgment evidence. *Flores v. H.E. Butt Stores, Inc.*, 791 S.W.2d 160, 162 (Tex. App.—Corpus Christi 1990, writ denied); *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2, 4 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Moreover, deemed admissions may not be contradicted by other summary judgment evidence. *State v. Carrillo*, 885 S.W.2d 212, 214 (Tex.App.—San Antonio 1994, no writ); *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex.App.—Austin 1987, no writ); see also *Henke Grain Co. v. Keenan*, 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ).

Texas Rule of Civil Procedure 169(1) states, in pertinent part, as follows:

The matter is admitted without necessity of a court order unless, within thirty days after service of the request, or within such

time as the court may allow, or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, *signed by the party or by his attorney,* but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of fifty days after service of the citation and petition upon that defendant.

Tex.R. Civ. P. 169(1) (emphasis added).

On February 16, 1995, Keys filed and sent a set of interrogatories and requests for admissions to Herring. On March 5, 1995, a copy of Herring's answers was filed denying most of Keys' requests, but without Herring's signature or the signature of his attorney. As an exhibit to his motion for summary judgment, Keys included a copy of Herring's unsigned response to the request for admissions. Herring never sought leave of court to withdraw and correct his response by signing it.

Accordingly, Keys argues that the unsigned response has resulted in deemed admissions against Herring that bar his causes of action.

The responding party's failure to timely answer requests for admission, timely file written objections, or obtain leave of court to file the answers late, results in each request for admission being deemed admitted pursuant to Texas Rule of Civil Procedure 169. *Laycox*, 709 S.W.2d at 3. Moreover, such facts are considered to be established as a matter of law, and it is usually unnecessary to file a formal motion asking that the request be deemed admitted. *Reyes v. International Metals Supply Co.*, 666 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1984, no writ).

In the present case, we must determine whether an unsigned response amounts to a failure to respond for purposes of deeming admissions under Rule 169.

Before its amendment in 1984 (to allow signature alone of the party or his attorney answering requests for admissions), Rule 169 required answers to be verified and requests were deemed admitted when the answers were not properly verified under the rule. *Reyes*, 666 S.W.2d at 624. Accordingly, under the prior Rule 169, requests were deemed admitted "when the responses were not *signed and sworn.*" *Tharp v. Blackwell,* 570 S.W.2d 154, 159 (Tex.Civ.App.—Texarkana 1978, no writ) (emphasis added). We recently held that, under amended Rule 169, requests may no longer be deemed admitted merely because the answers are not verified. *Pinal v. Carnevale,* 964 S.W.2d 311 (Tex. App.—Corpus Christi 1998, n.w.h). Now, we must decide whether a request may be deemed admitted because it is not even signed.

With the amendment to require signature alone, one might be tempted to treat responses under Rule 169 in the same manner as pleadings generally. The signature on a pleading is a formal requisite and the failure to comply with the requirement is not fatal to the pleading. The trial court may not treat an unsigned pleading or motion as a nullity merely because counsel failed to sign their names to it. *W.C. Turnbow Petroleum Corp. v. Fulton*, 194 S.W.2d 256, 257 (Tex. 1946) (amended motion for new trial); see also *Frank v. Corbett*, 682 S.W.2d 587, 588 (Tex.App.—Waco 1984, no writ); *Home Sav. of America FSB v. Harris County Water Control and Imp. Dist. No. 70*, 928 S.W.2d 217, 219 (Tex.App.—Houston [14th Dist.] 1996, no writ); *R.T.A. Intern., Inc. v. Cano*, 915 S.W.2d 149, 151 (Tex.App.—Corpus Christi 1996, writ denied) (default judgment improper based on failure of defendant to sign answer); 2 R. McDonald, Texas Civil Practice § 7:19 (1992); *Loomis Land & Cattle Co. v. Wood*, 699 S.W.2d 594, 596–97 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (citing McDonald).

However, while the signature on a pleading generally has been treated as a mere formality, Rule 169 and the cases interpreting it indicate that signature is a substantive requirement to a response to requests for admissions. See *Reyes*, 666 S.W.2d at 624; *Tharp*, 570 S.W.2d at 159. For, under Rule 169, the requests are deemed admitted automatically unless the responding party timely complies with the

specific requirements of Rule 169(1), including the signature of his answer. Rather than being a mere formality, the signature on a response to a request for admissions is some indication that the responding party has adopted and stands behind the answers he has provided in the same manner and with the same general consequences as the prior requirement for verification of the answers. Moreover, upon failure to timely and properly answer under Rule 169, it is the responding party's burden to show good cause to withdraw the deemed admissions. See Tex.R. Civ. P. 169(2); *Cudd v. Hydrostatic Transmission, Inc.*, 867 S.W.2d 101, 104 (Tex.App.—Corpus Christi 1993, no writ).

■ Accordingly, we conclude that Herring's unsigned response amounted to a failure to respond, and that the requested admissions were deemed against Herring under Rule 169. Those admissions included the following individual requests:

*Request for Admission No. 1* Admit that [wife] did not conspire with, or otherwise secretly transfer community property owned by [wife] and you, to [Keys] at any time from the beginning of time through the date of [wife's] death.

*Request for Admission No. 2* Admit that [wife] did not transfer community property owned by [wife] and you to [Keys] without your knowledge or consent, at any time from the beginning of time through the date of [wife's] death.

*Request for Admission No. 11* Admit that you had knowledge of your alleged claims against [Keys], as set forth in your Plaintiff's Original Petition, when you filed your Respondent's Responses to Movant's First Set of Interrogatories in this cause in April, 1992.

*Request for Admission No. 20* Admit that you had knowledge of the alleged improper and fraudulent transfers of community property owned by [wife] and you to [Keys] on or before July 31, 1992.

*Request for Admission No. 21* Admit that you have not been injured in any manner as a direct result of the alleged acts of [Keys] as set forth in your Plaintiff's Original Petition.

*Request for Admission No. 23* Admit that you had knowledge of your alleged claims against [Keys] as set forth in your Plaintiff's Original Petition, when your former attorney, F. Terry Callahan, sent a letter to Eric B. Tucker dated August 27, 1991, a true and correct copy of which is attached hereto as Exhibit "A." [This letter references the $15,000 payment made by wife to an attorney for Keys, and to the suit by Cenval Leasing Corporation against wife over a vehicle in Keys' possession.]

■ Keys generally argues that deemed admissions 2 and 21 defeat any cause of action that Herring may have. However, broad requests like 1, 2, and 21, that a plaintiff admit in effect that he has no claim against the defendant are not allowed.

■ "The primary purpose of Rule 169 is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996) (quoting *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950)); see also *Birdo v. Parker,* 842 S.W.2d 699, 700 (Tex.App.—Tyler 1992, writ denied). Accordingly, sweepingly broad requests for admission may not result in deemed admissions. *Id.* at 700; *Powell v. City of McKinney,* 711 S.W.2d 69, 71 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). For instance, it is improper to request that the opposing party admit or deny each and every allegation made in his or her petition, and such a request will not result in a deemed admission. *Birdo,* 842 S.W.2d at 700. Accordingly, we give no weight to the requested admissions that Herring's wife did not transfer community property without his consent or knowledge or that Herring has not been injured by Keys. Nor do these requested admissions relate directly to Keys' ground for summary judgment that Herring's claims are barred by limitations.

However, deemed admissions 11, 20, and 23 do specifically show that Herring had knowledge of all of his claims as alleged in

his petition between the dates of August 27, 1991, and July 31, 1992. These admissions barred his claims for civil conspiracy under the two-year statute of limitations, but left open his claims for fraudulent transfer under the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) & § 16.051. Accordingly, the trial court erred in granting summary judgment on all claims. We sustain Herring's point of error.

We REVERSE the trial court's summary judgment on Herring's claims for fraudulent transfer, but AFFIRM the summary judgment on Herring's claims for conspiracy. The case is REMANDED to the trial court for further proceedings consistent with this opinion.