Curtis BURT, Appellant,

v.

**Charlene WILLIAMS and Cecil Alec, Appellees.**

**No. 13–01–729–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Sept. 4, 2003.

Billy R. Jones, Livingston, for Appellant.

Jayne McCurry, Lufkin, for Appellees.

Before Chief Justice VALDEZ and Justices CASTILLO and AMIDEI[1].

## OPINION

Opinion by Justice MAURICE AMIDEI (Assigned).

Appellant, Curtis Burt, the defendant below, appeals from an adverse judgment after a non-jury trial in a Texas Deceptive Trade Practices Act (DTPA)[2] action claiming in two issues there was no evidence to support the trial court's findings that the appellees' claim was not barred by the statute of limitations.[3]

Appellees, Charlene Williams and Cecil Alec, contracted with appellant to repair the roof to their home. Leaks appeared in the roof, thereby damaging appellees, after the original date of completion. Appellant returned to repair the roof on four or five occasions but his efforts were never successful, and appellees claimed appellant's promises to return and work on the roof were solely calculated to induce appellees to refrain from or postpone filing suit.

### Standard of Review

Accrual of a cause of action is deferred in two types of cases. *S.V. v. R.V.,* 933 S.W.2d 1, 6 (Tex.1996). In one type, those involving allegations of fraud or fraudulent concealment, accrual is deferred because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run. *Id.* The other type, in which the discovery rule applies, comprises those cases in which "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* Inherently undiscoverable is where a homeowner could not discover the faulty construction of roof. *Id.*

All actions brought under the DTPA "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002). This period of limitation may be extended for a period of 180 days if the plaintiff proves that "failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action." *See id.*

A no evidence challenge requires us to review only the evidence and reasonable inferences from the evidence that tend to support the finding, disregarding all evidence and inferences to the contrary. *Southwestern Bell Media, Inc. v. Lyles,*

---

**1.** Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

**2.** TEX. BUS. & COM.CODE ANN. §§ 17.01–17.854 (Vernon 2002).

**3.** TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002).

825 S.W.2d 488, 493 (Tex.App.-Houston [1st Dist.] 1992, writ denied).

### Issues

Appellant's issues one and two in effect claim there was no evidence to support the trial court's finding of fact and conclusion of law that appellees' claim is not barred by the statute of limitations.

Appellant argues the uncontroverted evidence proves as a matter of law the statute of limitations bars appellees' claims and the discovery rule does not apply. Appellant claims the statute began to run after he completed the work in March 1997, but does not state the date appellees discovered or should have discovered the nature and extent of the roof defects, or other evidence necessary to prove such facts as a matter of law. The trial court as the trier of fact resolved such fact issue in favor of the application of the discovery rule to prevent the statute of limitations from barring appellees' claim. *Dallas Mkt. Cent. v. Beran & Shelmire,* 865 S.W.2d 145, 147 (Tex.App.-Corpus Christi 1993, writ denied).[4] We cannot discern from the evidence whether the evidence was sufficient as a matter of law to hold that appellees discovered the nature and extent of the roof defects prior to September 1998, when appellees hired Mr. Van Conger, [a roofing expert,] and discovered appellant's misrepresentations regarding the roof. *Id.* Any doubt must be resolved in favor of appellees. *Id.*

We must disregard appellant's claim the statute began running after March 1997, because it is contrary to the evidence and reasonable inferences from the evidence that tend to support the trial court findings. *Id.; Southwestern Bell Media, Inc.,*

825 S.W.2d at 493. The roof repairs contracted to be performed by appellant for appellees began in February 1997, and ended in March 1997. Appellee Alec testified the roof never leaked until appellant started working on it, and it has been leaking ever since. Alec was not familiar with construction and had never done any roofing work. Several leaks appeared which the trial court inferred was caused by appellant constructing the roof too flat for proper run-off, and by appellant's placement of the shingles and flashing. The trial court disregarded, as we do, the appellant's theory that the skylight insisted upon by the appellees was the cause of the leaks. The roof leaks caused damage to the sheetrock and carpet inside the appellees' home which also caused them a great deal of embarrassment and mental anguish. Each time appellees asked appellant to come back to repair the leaks, appellant agreed to do so. Between January 1998 and September 1998, appellees asked appellant about five times to fix the leaks, and each time appellant told appellees he would be back to fix the roof. Appellant came back to attempt to fix the leaks several times. Appellant represented that he could fix the roof by installing several boards in order to create enough slope to drain the roof, but in fact did not. In September 1998, appellees gave up on appellant and called in Van Conger. The trial court could have concluded the statute began running in September 1998, and the filing of the suit on May 12, 2000 was within the two year limitation period. Tex. Bus. & Com.Code Ann. § 17.565 (Vernon 2002). There was sufficient evidence to support the trial court's finding of fact "I" and conclusion of law "C".

---

4. The trial court found in finding of fact "I" that defendant knowingly engaged in conduct solely calculated to induce plaintiff to refrain from or postpone the commencement of this action; and concluded in conclusion of law

"C" plaintiffs' right to collection of such indebtedness is not barred by Section 17.565 of the Texas Deceptive Trade Practices Act on limitations. *See* Tex. Bus. & Com.Code Ann. § 17.565 (Vernon 2002).

Appellant's issues numbers one and two are overruled.

The judgment of the trial court is affirmed.