FALANA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-065-CR

AUGUSTINE KOLA FALANA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Augustine Kola Falana appeals his fifteen-year sentence for aggravated assault with a deadly weapon.  In three issues, appellant contends that the State’s third petition to adjudicate is void because an attorney for the State had not signed it, that the State should have been quasi-estopped from proceeding with the third petition—which included an allegation that the State had previously waived under the second petition—because proceedings under the second petition had not yet concluded, and that trial counsel rendered ineffective assistance by failing to recognize and challenge the State’s attempt to adjudicate appellant based on the allegation in the third petition that had been previously waived during proceedings on the second petition.  We affirm.

Background Facts

On November 8, 2004, appellant pled guilty to aggravated assault with a deadly weapon, pursuant to a plea bargain.  In accordance with the State’s recommended punishment, the trial court deferred a finding of guilt and placed appellant on community supervision for three years. 

The State filed a first petition to proceed to adjudication on August 14, 2006, alleging that appellant had violated conditions of his community supervision by using drugs on eight different dates, by failing to successfully complete drug counseling, by failing to submit to urinalysis on four different dates, by failing to report to his probation officer, and by failing to pay fines and court costs.  Instead of adjudicating appellant guilty, however, the trial court, in accordance with article 42.12, section 22(a) of the code of criminal procedure, amended the conditions of appellant’s community supervision to include participation in “Intensive Day Treatment program and aftercare” and 140 days’ confinement in the Tarrant County jail, beginning September 5, 2006.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 22(a) (Vernon Supp. 2007).  The trial court then dismissed the first petition.

The State filed a second petition to proceed to adjudication on September 14, 2006, alleging that appellant had committed the new offense of burglary of a habitation on August 2, 2006.
(footnote: 1)  The petition also included all of the allegations in the State’s first petition.  

The trial court held a hearing on the second petition on October 26, 2006.  At that hearing, appellant’s counsel asked if the State would make an offer that would apply to both the revocation and burglary cases.  The prosecutor made an offer good for that day only of ten years’ confinement “for the revocation and for the new case.”  Appellant rejected the offer because he wanted community supervision instead of a prison sentence. 

The State then waived the burglary allegation “for the purposes of” the revocation hearing, and appellant pled true to the drug use allegations in the second petition.  After a colloquy between the trial court and appellant, in which the trial court questioned appellant about the voluntariness of his plea and admonished him of the consequences of the plea, appellant’s counsel questioned him about the disposition of the first petition and about punishment-related matters, i.e., why he was a good candidate for community supervision.  Appellant’s counsel then called appellant’s mother as a witness and questioned her about appellant’s drug use, ability to complete community supervision, and whether she would support him if the trial court were to give him community supervision.  After appellant’s mother testified, the trial court heard argument from appellant and the State and concluded the hearing as follows:

Part of me – part of me wants to go on and lock you up and get it over with because you really didn’t take your probation all that seriously.  However, I don’t think you did because you’ve got a drug problem.  And I’d like to get you some help for that.

I‘m going to leave it up to you.  You want to go to SAFPF[
(footnote: 2)], or do you want to go to the penitentiary?

Now, there is a kicker on SAFPF that your attorney needs to sit down and talk to you about, and that is that we’re going to keep you in custody until that bed comes open.  And until you get your other case taken care of, that bed can’t come open.  And depending on how that case comes open, you might do SAFPF and still go off to the penitentiary.  So you need to sit down and talk with your attorney. 

The appellate record is silent as to whether appellant discussed the matter with his attorney.  The certificate of proceedings for October 26, 2006 notes that appellant entered a plea of true to paragraph two of the second petition (the drug use allegations), that the State waived the burglary offense allegation, that the court admonished appellant, and that appellant was “to be sentenced at a later date.”  

The appellate record is unclear about what happened after the October 26, 2006 hearing.  In January 2007, a new judge became the presiding judge of the trial court.  On January 29, 2007, the State filed an “Inventory Docket Plea Offer Acknowledgement,” stating that the State and appellant met in open court and that the State offered appellant a plea bargain of five years’ confinement on both the revocation and burglary cases.  The document goes on to state that the offer was extended until February 14, 2007 and would be withdrawn if not accepted by that date.  The document was signed by appellant’s counsel, the prosecutor, appellant, and the trial judge.  

Thereafter, on February 20, 2007, the State filed a First Amended Petition to Proceed to Adjudication, which appellant refers to in his brief as the third petition.
(footnote: 3)  This petition contains the exact allegations that were in the second petition and adds a new allegation that, on August 2, 2006, appellant possessed a firearm in violation of his community supervision.  This petition was not signed by an attorney for the State.  

The trial court heard the third petition on February 23, 2007.  The State informed the trial court that it would be proceeding on the first two paragraphs of the petition only:  the burglary and firearm allegations.  Appellant pled “not true” to both allegations, and in response to the trial court’s questioning, indicated that he was ready to proceed on the petition.  

After hearing evidence about the burglary and firearm allegations, the trial court found them both to be true.  Based on those findings, the court adjudicated appellant guilty of aggravated assault with a deadly weapon, the original charge for which he had been placed on deferred adjudication community supervision.  At punishment, appellant’s probation officer testified about appellant’s failure to abide by the terms of his community supervision. Appellant testified on his own behalf.  At the conclusion of the hearing, the trial court sentenced appellant to fifteen years’ confinement on the aggravated assault with a deadly weapon offense only.
(footnote: 4)
Analysis

Lack of Signature on Third Petition

In his first issue, appellant contends that the trial court was prohibited from proceeding on the third petition because it was not signed by an attorney for the State and was therefore void.
(footnote: 5)
 Although the code of criminal procedure requires signatures on both an indictment (grand jury foreperson) and information (district or county attorney) and requires a “pleading, motion, and other paper filed for or on behalf of a defendant represented by an attorney” to be “signed by at least one attorney of record in the attorney’s name,” it has no similar counterpart specifically requiring the State’s other pleadings, such as a motion to adjudicate, to be so signed.  
Tex. Code Crim. Proc. Ann.
 arts. 1.052(a) (Vernon 2005), 21.02 (Vernon 1989), 21.21 (Vernon 1989).  But regardless of whether such a motion must be signed by an attorney for the State, appellant failed to object to the lack of a signature on the third petition.  The lack of a required signature under an indictment or information is not fatal and must be objected to before trial begins.  
See id
. arts. 1.14 (Vernon 2005), 28.10(b) (Vernon 2006) (providing that a matter of form or substance in indictment or information may be amended after trial on merits commences if defendant does not object); 
Ex parte Thomas
, 234 S.W.3d 656, 663 (Tex. App.—Beaumont 2007, no pet.) (holding that appellant waived claim that information was invalid and merely a complaint because not signed by county attorney in his capacity as charging officer by failing to object); 
see also Tatmon v. State
, 815 S.W.2d 588, 589-90 (Tex. Crim. App. 1991) (holding that absence of grand jury foreman’s signature on indictment was not fatal and did not affect its validity).
(footnote: 6)  Likewise, we hold that appellant must have objected to the lack of a signature on the third petition to complain about it on appeal.  
See generally
 
Tex. R. App. P.
 33.1(a)(1); 
Mendez v. State
, 138 S.W.3d 334, 339-42 (Tex. Crim. App. 2004); 
Saldano v. State
, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002).

Here, at the February 23, 2007 hearing, the State informed the trial court that although the third petition had been filed on February 20, 2007, appellant’s counsel had “just received a copy” of it.  Appellant’s counsel told the trial court that he did not need additional time to prepare and that he knew about the firearm allegation and that the third petition “alleged the same set of facts” as the second petition.  He failed to object to the third petition on any grounds.  Accordingly, we hold that appellant failed to preserve his complaint about the lack of a signature on the State’s third petition.  We overrule his first issue.

Whether State Quasi-estopped to Proceed on Third Petition

In his second issue, appellant contends that the State should have been quasi-estopped from proceeding on the third petition because proceedings under the second petition had not been concluded; thus, appellant contends that by allowing the State to proceed under the third petition, the trial court unfairly gave the State “two bites at the same apple,” allowing the State to try the burglary allegation that it had previously waived. 

“In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, 
and in no event may the state amend the motion after the commencement of taking evidence at the hearing
.”
(footnote: 7)  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 21(b) (Vernon Supp. 2007) (emphasis added).
(footnote: 8)  Here, the State filed the third petition (titled State’s First Amended Petition to Proceed to Adjudication) after the trial court had already commenced taking evidence in the case, at the hearing on October 26, 2006.  Although this is in violation of article 42.12, section 21(b), 
appellant failed to object to the State’s proceeding on the third petition on quasi-estoppel or article 42.12, section 21(b) grounds.  
Id
.  Accordingly, he failed to preserve this complaint for our review.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
see also Anderson v. State
, Nos. 05-00-01700-CR, 05-00-01701-CR, 05-00-01702-CR, 2001 WL 1346309, at *2 (Tex. App.—Dallas Nov. 2, 2001, no pets.) (not designated for publication); 
Peña v. State
, No. 04-98-00546-CR, 1999 WL 107068, at *2 (Tex. App.—San Antonio Mar. 3, 1999, pet. ref’d) (not designated for publication).  We overrule his second issue.

Alleged Ineffectiveness of Trial Counsel

In his third issue, appellant contends that his trial counsel rendered ineffective assistance by failing to object to the third petition on the ground that appellant had not yet announced his desired punishment, SAFPF or confinement, in accordance with the trial judge’s comment at the end of the October 26, 2006 hearing.  According to appellant, trial counsel’s deficiencies resulted in his “fifteen year sentence and lost opportunity to be amended [sic] to SAFPF.”  

To succeed on an ineffective assistance of counsel claim, an appellant must show not only that counsel’s performance was deficient, but also that the deficient performance prejudiced the defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
; 
Garza v. State
, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).  To demonstrate prejudice, the appellant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Strickland
, 466 U.S. at 694, 104 S. Ct. at 2052; 
Garza
, 213 S.W.3d at 348.

Appellant contends that by failing to object to the State’s proceeding on the third petition, his trial counsel deprived him of the opportunity of being sentenced to SAFPF instead of confinement.  But the former trial judge warned appellant that he would still be subject to confinement while awaiting a SAFPF opening, that he could not get a SAFPF opening until the separate burglary case was resolved, and that, depending on the outcome of the burglary case, appellant might still be subject to confinement after completing SAFPF in the revocation case.  And it is clear from the record that appellant wanted to avoid any confinement in this case or in the burglary case.  He rejected the State’s plea offer at the October 26, 2006 hearing because he wanted “continuing probation.”  Appellant also either rejected or failed to accept the State’s subsequent plea offer of five years’ confinement on both the revocation and burglary offenses.  Thus, it is a logical inference from the record that it was not the State’s third petition that caused appellant to lose the opportunity to be sentenced to SAFPF in the revocation; it was appellant’s desire to avoid confinement in either of his cases.

Appellant failed to elect SAFPF in the four months between the October 26, 2006 and February 23, 2007 hearings.
(footnote: 9)  When, at the February hearing, the new presiding trial judge asked appellant, not his counsel, whether he was ready to proceed on the burglary and firearm allegations that day, he said, “Yes.”  He also said he was not requesting additional time to prepare.  The State asked the trial court to take judicial notice of the contents of its file, and appellant’s counsel told the trial court that he had no objection.  Appellant again urged that he receive community supervision.

If as appellant alleges, the State unfairly received “two bites at the same apple” by proceeding on the third petition, it is then also true that appellant did as well:  he gambled that the new trial judge would continue his community supervision rather than sentence him to any type of confinement.  Appellant does not contend that his trial counsel failed to inform him or misled him as to the potential consequences of the February 23, 2007 hearing, nor does he claim that he did not know what the potential consequences of that hearing were.  Moreover, there was no hearing on a motion for new trial that would have developed evidence as to such an allegation.  Thus, we cannot conclude that the result of the proceeding would have been different if appellant’s trial counsel had attempted to quash the third petition.  We overrule appellant’s third issue.

Conclusion

Having overruled appellant’s three issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 6, 2007

FOOTNOTES
1:
The State also charged appellant with the burglary in a separate case, number 1035924. 

2:
SAFPF means “Substance Abuse Felony Punishment Facilities.”  
Tex. Gov’t Code Ann.
 § 493.009 (Vernon 2004).

3:
For consistency’s sake, we will also refer to it as the third petition.

4:
There is no evidence in the appellate record as to the disposition of the separate burglary case, number 1035924.

5:
The former version of article 42.12, section 5(b), which prohibited appeals from the trial court’s decision to adjudicate, applies to this case because the revocation hearings were held before June 15, 2007.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, ྷ 5(b) (Vernon 2006) (former version)
, 
amended by
 Act of May 28, 2007, 80
th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423 (Vernon)
; 
Davis v. State, 
195 S.W.3d 708, 711 (Tex. Crim. App. 2006); 
Tatum v. State
, 166 S.W.3d 362, 363-64 (Tex. App.—Fort Worth 2005, pet. ref’d).  However, the State concedes, and we agree, that we have jurisdiction to review appellant’s issues because they “directly relate to the sentence imposed,” i.e., to appellant’s claim that because of the complained-of errors, he lost the opportunity to choose SAFPF as his punishment as offered to him by the former presiding trial judge.  
See Hogans v. State
, 176 S.W.3d 829, 834 (Tex. Crim. App. 2005).

6:
Civil cases also hold that the absence of a signature on a pleading does not affect its validity.  
See W.C. Turnbow Petroleum Corp. v. Fulton
, 145 Tex. 56, 194 S.W.2d 256, 257 (Tex. 1946) (reasoning that a signature on a pleading is a formal requisite and failure to comply with signature requirement is not fatal to pleading); 
In re Estate of Herring
, 970 S.W.2d 583, 588 (Tex. App.—Corpus Christi 1998, no pet.); 
Brown v. Mulanax
, 808 S.W.2d 718, 720 (Tex. App.—Tyler 1991, orig. proceeding).

7:
The rationale for this rule is to prevent the State from adding new or different grounds for revocation as a result of evidence adduced at the hearing on that particular motion.  
Washington v. State
, 731 S.W.2d 648, 649 (Tex. App.—Houston [1st Dist.] 1987, no pet.); 
Johnson v. State
, 633 S.W.2d 687, 689 (Tex. App.—Amarillo 1982, pet. ref’d).

8:
The procedures set forth in article 42.12, section 21 of the code of criminal procedure are applicable in deferred adjudication cases once the State has alleged a violation of community supervision.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2007) (“On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in section 21 of this article.”).

9:
The trial court did not give appellant a deadline to make his election.